# EXHIBIT A

Juliette P. White, USB #9616
Adam L. Bondy, USB #14423
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ABondy@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERA SHANLEY a/k/a T.S. JOYCE and WICKED WILLOW PRESS, LLC, a Texas limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBYN A. HUTCHINGS a/k/a TERRY BOLRYDER a/k/a DOMINGO SAVAGE, <br><br> Defendant. | **PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT** <br><br> Case No. 2:22-cv-00549-CMR <br><br> The Honorable David B. Barlow <br><br> Magistrate Judge Jared C. Bennett |

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiffs Tera Shanley a/k/a T.S. Joyce and Wicked Willow Press, LLC, ("Plaintiffs") request that Robyn A. Hutchings a/k/a Terry Bolryder a/k/a Domingo Savage ("Defendant") respond to the following interrogatories and produce the following documents and things at the offices of Plaintiffs' counsel within 30 days of service of these requests.

## DEFINITIONS

1.  The terms "Plaintiff", "Shanley," "Joyce,", and/or "T.S. Joyce" refer to Plaintiff Tera Shanley.

2.  The term "Wicked Willow" refers to Plaintiff Wicked Willow Press, LLC.

3.  The term "Plaintiffs" refers to Plaintiff Shanley and Plaintiff Wicked Willow.

4.  The terms "Defendant," "you," and/or "your" refers to Defendant Robyn A. Hutchings a/k/a Terry Bolryder a/k/a Domino Savage.

5.  The term "Social Media Accounts" refers to all accounts on Facebook, Instagram, Twitter, TikTok, Reddit, and any other public social media sites which are controlled or owned by Defendant, including but not limited to accounts named "Terry Bolryder," "terrybolryder," "@terrybolryder," "Domino Savage," and "@dominosavageauthor."

6.  The term "Social Media Posts" refers to all posts referenced in Plaintiff's Complaint as well as any additional posts made by you on any social media site that refer to or discuss Plaintiff.

7.  The terms "document" or "documents" have the broadest definition allowed under the Federal Rules of Civil Procedure and include, but are not limited to, any and all writings or records of any type, including papers, notes, social media posts, memos, emails, IM texts, records, books, articles, and all other things, including all objects upon which information appears or is inscribed, photographs, video or audio tape recordings, or data diskettes or electronic records or electronically stored information of any kind, within your, your agent's, or your attorney's custody, possession or control, including any non-identical copies of such documents and including but not

limited to all "writings," "recordings" and "photographs" as those terms are described in Rule 1001 of the Federal Rules of Evidence.

8. The terms "person" or "persons" mean and include any natural person, corporation, company, proprietorship, partnership, joint venture, association, firm, government entity, or any other entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors, and successors of each such "person."

9. The term "communication(s)" means the transmittal of information by any means, and includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

10. The terms "concerning" or "concern" mean relating to, referring to, describing, evidencing, constituting, contradicting, identifying, mentioning, discussing, or analyzing.

11. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation"; and the terms "all" and "each" shall be construed as all and each.

4866-5158-1247.v3

12. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13. "Identify" when used in reference to a person means to state:

    i. The name of the person;

    ii. The home and business addresses and telephone numbers of the person; and

    iii. The nature of the business in which the person is involved and the business or professional title of the person, if applicable.

14. "Identify" when used in reference to any legal entity not a person, including but not limited to any business, firm, organization, association, or other entity, means to state:

    i. The full name of such an entity;

    ii. The full address and telephone number of such an entity; and

    iii. A description of the type of entity.

15. "Identify" when used in reference to a document means to state:

    i. The date, author, title, and recipients of the document;

    ii. A summary of the contents of the document;

    iii. The identity of the present custodian of the document; and

    iv. The present location of the document.

16. All terms not otherwise specifically defined herein are to be given ordinary and reasonable construction in light of the context in which they are used.

//

//

## INSTRUCTIONS

1. Each answer or response should include all information currently known or available to you. If the information is not sufficient to respond to any interrogatory or request, you should provide whatever information is known or available, state what portion of the interrogatory or request cannot be answered or responded to, and identify any and all documents and/or persons that might have knowledge or information relevant to the answer or response sought. If you cannot complete an answer or response until further discovery has been completed, you are requested to so indicate and to answer or respond to the best of your ability in view of the present state of discovery.

2. If any answer or response is based upon information or belief, in whole or in part, please so state and identify each person, document or oral communication that has provided a factual basis for such information or belief. Where exact data cannot be furnished, estimated data should be supplied and identified as such.

3. If objection is made to any part of a particular interrogatory or request, that part should be specified and the grounds for the objection stated, and any other portion of the interrogatory or request to which no objection is made should be responded to.

4. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), any objection must state whether any responsive materials are being withheld on the basis of that objection.

5. Whenever in these requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production:

4866-5158-1247.v3

6. If you are withholding the document under a claim of privilege (including but not limited to the attorney-client privilege and the work product doctrine), please provide the information set forth in Federal Rule of Civil Procedure 26(b)(5), including:

    i. the type of document;

    ii. the general subject matter of the document;

    iii. the date of the document;

    iv. such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    v. the nature and basis of the privilege claimed;

    vi. if the privilege claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorney(s); and

    vii. any other information necessary to support the claim of privilege.

7. With respect to any requested document that is known to have been destroyed, please describe the date(s) the document bore or was created or revised, the name and address of each person who wrote or created it, the name and address of each person who received or may have received a copy of the document, a description of the document (e.g., letter, memo, etc.), the last known custodian of the document, the circumstances or reasons for the destruction of the document, and the date the document was destroyed.

8. If you invoke Rule 33(d) of the Federal Rules of Civil Procedure (i.e., the option to produce business records) in response to any interrogatory, please specify, by category, location, and Bates or other document control numbers, the records from which the answer to the interrogatory may be derived or ascertained.

9. The following interrogatories and requests shall be deemed continuing so as to require you, to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure, to provide additional information or produce additional documents if you or your agents, representatives, or attorneys gain access to additional documents or information that are or may be responsive to these interrogatories or requests between the time the answers and responses to these interrogatories and requests are signed and the time of trial.

10. In answering each Interrogatory, identify each document relied upon or which forms a basis for the answer given or which corroborates the answer given or the substance of what is given.

11. Each document produced should be labeled or otherwise marked to indicate the specific Request in response to which that document is referenced or identified.

12. Electronically stored information should be produced in a form that is readily ascertainable, and in a manner that preserves the integrity of each document. For example, each email will be produced as a separate document (including attachments if any exist). Acceptable forms of production shall include PDF or native files, so long as each file is produced individuals and files are not combined for purposes of production.

13. Electronically stored information consisting of Microsoft Excel files or Microsoft PowerPoint files shall be produced as native files.

14. Unless stated otherwise in a specific request, all requests seek information from January 1, 2016 to present.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Explain the factual basis for your Social Media Post referenced at Paragraph 18(b) of Plaintiff's Complaint claiming that Plaintiff "sexually coerced and blacklisted male models."

**INTERROGATORY NO. 2:** Explain the factual basis for your Social Media Post referenced at Paragraph 18(c) of Plaintiff's Complaint claiming that Plaintiff participated in "white supremacy dog whistling."

**INTERROGATORY NO. 3:** Explain the factual basis for your denial of the allegations at Paragraph 23 of Plaintiff's Complaint.

**INTERROGATORY NO. 4:** Explain the factual basis for your Social Media Post referenced at Paragraph 26 of Plaintiff's Complaint claiming that Plaintiff is "a rapist and . . . she has raped multiple people."

**INTERROGATORY NO. 5:** Explain the factual basis for your Social Media Posts referenced at Paragraphs 31(b) and 33 of Plaintiff's Complaint claiming that Plaintiff is "an actual child molester" and that "she molested a child."

**INTERROGATORY NO. 6:** Explain the factual basis for your Social Media Post referenced at Paragraph 31(d) of Plaintiff's Complaint claiming that Plaintiff "raped a kid."

**INTERROGATORY NO. 7:** Explain the factual basis for your Social Media Post referenced at Paragraphs 37 and 38 of Plaintiff's Complaint claiming that Plaintiff sold and/or trafficked her son.

**INTERROGATORY NO. 8:** For any request for admission that you have denied in full or in part, explain the basis for your denial.

**INTERROGATORY NO. 9:** List all social media accounts in your personal or professional name(s), including any accounts you use, manage, or oversee.

**INTERROGATORY NO. 10:** Identify all alleged victims of the abuse you claim occurred, including the name of the victim, the date the abuse occurred, the location at which the abuse occurred, and details of the abuse.

**INTERROGATORY NO. 11:** Identify all instances of human trafficking that you claim Plaintiff is responsible for, including the dates of the trafficking, the victims, the location from where the victim was taken or apprehended, and the location to where the victim was trafficked.

**INTERROGATORY NO. 12:** Identify all alleged "felonies" by Plaintiff you claim were witnessed by David Hendricks, including the date of the alleged felony, the location of the alleged felony, and the actions alleged taken that constitute a felony.

**INTERROGATORY NO. 13:** Identify and describe all instances wherein Plaintiff allegedly contacted, followed, "stalked," mocked or "terrorized" David Hendricks, including the date, location, and circumstances of such actions.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraph 18(b) of Plaintiff's Complaint that Plaintiff "sexually coerced and blacklisted male models."

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraph 18(c) of Plaintiff's Complaint that Plaintiff participated in "white supremacy dog whistling."

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraph 26 of Plaintiff's Complaint that Plaintiff is "a rapist and . . . she has raped multiple people."

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraphs 31(b) and 33 of Plaintiff's Complaint that Plaintiff is "an actual child molester" and that "she molested a child."

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraph 31(d) of Plaintiff's Complaint that Plaintiff "raped a kid."

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraphs 37 and 38 of Plaintiff's Complaint that state Plaintiff sold and/or trafficked her son.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents and communications that reference, relate to and/or support the allegations of David Hendricks against Tera Shanley, including allegations related to abuse, molestation, stalking, felonies, and human trafficking.

**REQUEST FOR PRODUCTION NO. 8:** To the extent not covered by the prior requests, produce all communications with any individual or entity about the Social Media Posts. Your response should include correspondence with social media followers, social media companies,

friends, family, fans, or anyone else with whom you have communicated about any of Social Media Posts, whether by email, text message, Facebook Messenger, or any other method of communication.

DATED this 15th day of February, 2023.

PARSONS BEHLE & LATIMER

/s/ *Juliette P. White*
Juliette P. White
Adam L. Bondy
PARSONS BEHLE & LATIMER

*Attorneys for Plaintiffs*