# **EXHIBIT B**

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

Tera Shanley a/k/a/ T.S. JOYCE  and WICKED
WILLOW PRESS, LLC,

                               Plaintiffs,    :

                                             :

                       v.               :                2:22-cv-00549-CMR

                                             :

ROBYN A HUTCHINGS a/k/a TERRY BOLRYDER  :
a/k/a DOMINO SAVAGE,

                               :

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

**DEFENDANT ROBYN A HUTCHINGS A/K/A TERRY BOLRYDER A/K/A DOMINO
SAVAGE'S RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT PRODUCTION
REQUESTS**

       Defendant ROBYN A HUTCHINGS a/k/a TERRY BOLRYDER a/k/a DOMINO SAVAGE

hereby responds and objects as follows to Plaintiffs' First Set of Document Production Requests:

<u>**RESPONSES TO DOCUMENT REQUESTS**</u>

       **DOCUMENT REQUEST NO. 1:** Produce all documents and communications that

reference, relate to and/or support your Social Media Post referenced at Paragraph 18(b) of Plaintiff's

Complaint that Plaintiff "sexually coerced and blacklisted male models."

       **RESPONSE TO DOCUMENT REQUEST NO. 1:** Defendant objects to Document

Request number 1 on the grounds that it is overly broad because it seeks "all documents and

communications" and as such is cumulative. According to Rule 34 of the Rules of Federal Civil

Procedure, "must describe with reasonable particularity each item or category of items to be inspected".

The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".

**DOCUMENT REQUEST NO. 2:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraph 18(c) of Plaintiff's Complaint that Plaintiff participated in "white supremacy dog whistling."

**RESPONSE TO DOCUMENT REQUEST NO. 2:** Defendant objects to Document Request number 2 on the grounds that it is overly broad because it seeks "all documents and communications" and as such is cumulative. According to Rule 34 of the Rules of Federal Civil Procedure, "must describe with reasonable particularity each item or category of items to be inspected". The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".

**DOCUMENT REQUEST NO. 3:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraph 26 of Plaintiff's Complaint that Plaintiff is "a rapist and . . . she has raped multiple people."

**RESPONSE TO DOCUMENT REQUEST NO. 3:** Defendant objects to Document Request number 3 on the grounds that it is overly broad because it seeks "all documents and communications" and as such is cumulative. According to Rule 34 of the Rules of Federal Civil Procedure, "must describe with reasonable particularity each item or category of items to be inspected". The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".

**DOCUMENT REQUEST NO. 4:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraphs 31(b) and 33 of Plaintiff's Complaint that Plaintiff is "an actual child molester" and that "she molested a child."

**RESPONSE TO DOCUMENT REQUEST NO. 4:** Defendant objects to Document Request number 4 on the grounds that it is overly broad because it seeks "all documents and communications" and as such is cumulative. According to Rule 34 of the Rules of Federal Civil Procedure, "must describe with reasonable particularity each item or category of items to be inspected". The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".

**DOCUMENT REQUEST NO. 5:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraph 31(d) of Plaintiff's Complaint that Plaintiff "raped a kid."

**RESPONSE TO DOCUMENT REQUEST NO. 5:** Defendant objects to Document Request number 5 on the grounds that it is overly broad because it seeks "all documents and communications" and as such is cumulative. According to Rule 34 of the Rules of Federal Civil Procedure, "must describe with reasonable particularity each item or category of items to be inspected". The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".

**DOCUMENT REQUEST NO. 6:** Produce all documents and communications that reference, relate to and/or support your Social Media Post referenced at Paragraphs 37 and 38 of Plaintiff's Complaint that state Plaintiff sold and/or trafficked her son.

**RESPONSE TO DOCUMENT REQUEST NO. 6:** Defendant objects to Document Request number 6 on the grounds that it is overly broad because it seeks "all documents and communications" and as such is cumulative. According to Rule 34 of the Rules of Federal Civil Procedure, "must describe with reasonable particularity each item or category of items to be inspected". The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".

**DOCUMENT REQUEST NO. 7:** Produce all documents and communications that reference, relate to and/or support the allegations of David Hendricks against Tera Shanley, including allegations related to abuse, molestation, stalking, felonies, and human trafficking.

**RESPONSE TO DOCUMENT REQUEST NO. 7:** Defendant objects to Document Request number 7 on the grounds that it is overly broad because it seeks "all documents and communications" and as such is cumulative. According to Rule 34 of the Rules of Federal Civil Procedure, "must describe with reasonable particularity each item or category of items to be inspected". The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".

**DOCUMENT REQUEST NO. 8:** To the extent not covered by the prior requests, produce all communications with any individual or entity about the Social Media Posts. Your response should include correspondence with social media followers, social media companies, friends, family, fans, or anyone else with whom you have communicated about any of Social Media Posts, whether by email, text message, Facebook Messenger, or any other method of communication.

**RESPONSE TO DOCUMENT REQUEST NO. 8:** Defendant objects to Document Request number 8 on the grounds that it is overly broad because it seeks "all documents and

communications". According to Rule 34 of the Rules of Federal Civil Procedure, one "must describe with reasonable particularity each item or category of items to be inspected". The request additionally specifies no time frame. • It is vague and ambiguous, particularly as to the terms/phrase "support", "Relate", or "reference".  It is vague to the extent that the defendant cannot even determine what is meant by the term "any of Social Media posts". As written, the question could mean all documents related to any social media posts at any time anywhere which is obviously overly broad and goes against the rules of federal procedure, particularly rule 34 which calls for particularity with document requests.


[SIGNATURE PAGE FOLLOWS]

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH**

```
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _       X
```

Tera Shanley a/k/a/ T.S. JOYCE and WICKED WILLOW
PRESS, LLC, A Texas limited liability company,                  :

                            Plaintiffs,                  :

                                        :

                against                  :                   2:22-cv-00549-CMR

                                        :

ROBYN A HUTCHINGS a/k/a TERRY BOLRYDER                  :
a/k/a DOMINO SAVAGE,                                              :

                    Defendant.

```
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _       X
```

**DEFENDANT ROBYN A HUTCHINGS A/K/A TERRY BOLRYDER A/K/A DOMINO
SAVAGE'S RESPONSES TO PLAINTIFFS TERA SHANLEY A/K/A/ T.S. JOYCE'S AND
WICKED WILLOW'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant ROBYN A

HUTCHINGS a/k/a TERRY BOLRYDER a/k/a DOMINO SAVAGE ("Defendant"), responds to

Plaintiff Tera Shanley a/k/a/ T.S. JOYCE's First Set of Interrogatories (the "Interrogatories") as follows:

### SPECIFIC RESPONSES TO INTERROGATORIES

1.      Explain the factual basis for your Social Media Post referenced at Paragraph 18(b) of

Plaintiff's Complaint claiming that Plaintiff "sexually coerced and blacklisted male models."

    **ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature, overly

vague and confusing. Premature because the interrogatory appears to be a contention interrogatory and

discovery is still ongoing. It is also vague and confusing in that the terms 'explain' and 'factual basis'

need further definition in order for the defendant to ascertain what specific information is requested by

the interrogatory. Subject to these objections, Defendant responds that to the best of her understanding

of what the interrogatory is requesting, her answer is: In part, first-hand witness of the plaintiff being involved in and or committing acts of sexual coercion in the past combined with recent and numerous public and private community allegations against the plaintiff, as shared in initial disclosures. Further facts supporting the basis for the post will be updated as discovery is ongoing.

2.      Explain the factual basis for your Social Media Post referenced at Paragraph 18(c) of Plaintiff's Complaint claiming that Plaintiff participated in "white supremacy dog whistling."

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature, vague and confusing and overly broad, because it is a contention interrogatory and discovery is still ongoing, and it is vague and confusing because the terms 'explain' and 'factual basis' need further definition to ascertain specifically what information is requested. Subject to these objections, Defendant responds that to the best of her understanding of what the interrogatory is requesting, her answer is: First-hand knowledge of the plaintiff being involved with groups practicing white supremacy and first-hand witness of the plaintiff being involved in acts of white supremacy dog whistling.

3.      Explain the factual basis for your denial of the allegations at Paragraph 23 of Plaintiff's Complaint.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, vague and confusing because the terms "explain" and "factual basis" have not been properly defined for the defendant to be able to ascertain what exact information is being requested or how it should be conveyed. It is unduly burdensome in that it asks the defendant to further explain a denial of the absurd, unfounded and in the defendant's opinion unsupported by any evidence so far (as of initial disclosures) allegations in paragraph 23.

2

4.      Explain the factual basis for your Social Media Post referenced at Paragraph 26 of Plaintiff's Complaint claiming that Plaintiff is "a rapist and . . . she has raped multiple people."

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature, vague and confusing because the interrogatory appears to be a contention interrogatory and discovery is still ongoing and it is also vague and confusing in that the terms 'explain' and 'factual basis' need further definition in order for the defendant to ascertain what specific information is requested by the interrogatory. Subject to these objections, Defendant responds that to the best of her understanding of what the interrogatory is requesting, her answer is: First-hand witness of the plaintiff being involved in and or committing rape in the past combined with recent community allegations against the plaintiff, as shared in initial disclosures. Further facts supporting the basis for the post will be updated as discovery is ongoing.


5.      Explain the factual basis for your Social Media Posts referenced at Paragraphs 31(b) and 33 of Plaintiff's Complaint claiming that Plaintiff is "an actual child molester" and that "she molested a child."

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature, vague and confusing, and overly broad because is a contention interrogatory concerning key issues to the defamation case and discovery is still ongoing, so answering would be premature. It is vague and confusing because the terms 'explain' and 'factual basis' need more clear definition to know the breadth of information requested and in what form it should be conveyed. Please narrow and define the terms and defendant will be happy to reconsider and potentially supplement this response.


6.      Explain the factual basis for your Social Media Post referenced at Paragraph 31(d) of Plaintiff's Complaint claiming that Plaintiff "raped a kid."

3

**ANSWER:**   Defendant objects to this interrogatory on the grounds that it is premature, vague and confusing, and overly broad because is a contention interrogatory concerning key issues to the defamation case and discovery is still ongoing, so answering would be premature. It is vague and confusing because the terms 'explain' and 'factual basis' need more clear definition to know what information is needed. It is also overly broad because it gives no time frame and is so vague it could refer to many years of thoughts and impressions by the defendant.

7.      Explain the factual basis for your Social Media Post referenced at Paragraphs 37 and 38 of Plaintiff's Complaint claiming that Plaintiff sold and/or trafficked her son.

**ANSWER:**   Defendant objects to this interrogatory on the grounds that it is premature, vague and confusing, and overly broad because is a contention interrogatory concerning key issues to the defamation case and discovery is still ongoing, so answering would be premature. It is vague and confusing because the terms 'explain' and 'factual basis' need more clear definition to know what information is needed. It is also overly broad because it gives no time frame and is so vague it could refer to any thought or impression by the defendant. Subject to these objections, Defendant responds that to the best of her understanding of what the interrogatory is requesting, and subject to updates as discovery is ongoing, her answer is: First-hand witness of the plaintiff being involved in and or committing criminal acts against young boys and men and description by a victim of being called her son and raped.

8.      INTERROGATORY NO. 8: For any request for admission that you have denied in full or in part, explain the basis for your denial.

**ANSWER:**   Defendant responds that she is unaware of any current requests for admissions as of the date of answering this interrogatory, but is willing to provide explanations as discovery is ongoing.

4

9.      INTERROGATORY NO. 9: List all social media accounts in your personal or professional name(s), including any accounts you use, manage, or oversee.

**ANSWER:**   Defendant responds that Dragonhearts and Demonhearts Book Group. dominosavageauthor on Tiktok, Domino Savage page on Facebook are the only accounts she uses, manages or oversees. Defunct accounts include a Terry Bolryder twitter that hasn't been posted on in many years, a Terry Bolryder Instagram and a Terry Bolryder Facebook page and Terry Ann Bolryder personal Facebook page.

10.      INTERROGATORY NO. 10: Identify all alleged victims of the abuse you claim occurred, including the name of the victim, the date the abuse occurred, the location at which the abuse occurred, and details of the abuse.

**ANSWER:**   Defendant objects to this interrogatory on the grounds that it is overly broad, not relevant, unduly burdensome and a violation of privacy of third party citizens because it states no time frame, because it states no relevancy to the case to require the defendant to state every act that has happened to every alleged victim ever, because it would require full interviews of many victims, some of whom are no longer alive, and because it invades the privacy of third-party citizens for intimate and potentially embarrassing and traumatizing details that have not been demonstrated to be proportionately necessary to any claims important to the case.

11.      Identify all instances of human trafficking that you claim Plaintiff is responsible for, including the dates of the trafficking, the victims, the location from where the victim was taken or apprehended, and the location to where the victim was trafficked.

**ANSWER:**   Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and an invasion of  privacy of third party citizens. because it asks for all instances

with no time frame, because it causes undue burden to produce sensitive and complete info on human

trafficking victims who may be vulnerable to an abuser, because it invades the privacy rights of

vulnerable third party citizens, and because it causes harassment to victims not proportionate to the

information that could be potentially retrieved.

12.     Identify all alleged "felonies" by Plaintiff you claim were witnessed by David Hendricks,

including the date of the alleged felony, the location of the alleged felony, and the actions alleged taken

that constitute a felony.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature, vague

and irrelevant, invasion of privacy because it appears to be a contention interrogatory, and discovery is

still ongoing. Defendant objects to being asked to give the details of all felonies witnessed by another

person, including sensitive details not relevant to the case, it invades the privacy of a third party citizen

for information that doesn't seem proportionate to a defamation case where the burden of proof is only

substantial truth.

13.     INTERROGATORY NO. 13: Identify and describe all instances wherein Plaintiff

allegedly contacted, followed, "stalked," mocked or "terrorized" David Hendricks, including the date,

location, and circumstances of such actions.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome, and premature because "all instances" is unduly broad, asking the defendant to

describe every instance of another persons' experience being stalked, including dates and locations, is

unduly burdensome since the stalking may have taken place on hundreds of occasions and over many

years, and the defendant is not be able to speak in entirety for the third party David Hendricks and what

he has experienced on every occasion. It is a violation of his privacy that is not proportionately justified by this defamation case.

[SIGNATURE PAGE FOLLOWS]

Dated: March 13th, 2023

Respectfully submitted,

By: _____

Robyn Hutchings
dshbrain@gmail.com
6602 W Normandy Way
Highland, UT  84003
8016691952

ROBYN A HUTCHINGS a/k/a TERRY BOLRYDER a/k/a DOMINO SAVAGE

**VERIFICATION**

I, Robyn Hutchings , state that I have read Tera Shanley a/k/a/ T.S. JOYCE's First Set

of Interrogatories and my answers to those interrogatories, which are true to the best of my knowledge,

information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13ᵗʰ day of March , 20 23 .

Signature