THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TERA SHANLEY a/k/a T.S. JOYCE and WICKED WILLOW PRESS, LLC, a Texas limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ROBYN A. HUTCHINGS a/k/a TERRY BOLRYDER a/k/a DOMINO SAVAGE, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [45] PLAINTIFFS' RULE 56(d) MOTION AND DENYING WITHOUT PREJUDICE [32] DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 2:22-cv-00549-DBB-JCB <br><br> District Judge David Barlow |

Before the court are two matters. Defendant Robyn A. Hutchings a/k/a Terry Bolryder a/k/a Domino Savage ("Ms. Hutchings") moves for summary judgment on Plaintiffs Tera Shanley a/k/a T.S. Joyce ("Ms. Shanley") and Wicked Willow Press, LLC's (collectively "Plaintiffs") claims.[1] Plaintiffs seek relief under Federal Rule of Civil Procedure 56(d).[2] Having considered the briefing and relevant law, the court determines that oral argument would not materially assist the court.[3] As explained below, the court grants the Rule 56 motion and denies without prejudice the motion for summary judgment.

---

[1] Mot. for Summ. J. & Mem. in Support ("MSJ"), ECF No. 32, filed Mar. 23, 2023.
[2] Pls. R. 56(d) Mot. ("R. 56 Mot."), ECF No. 45, filed Apr. 24, 2023.
[3] *See* DUCivR 7-1(g).

## BACKGROUND

Ms. Shanley and Ms. Hutchings both write paranormal romance fiction.[4] Readers of such fiction gather online to discuss books and promote authors.[5] For instance, Ms. Hutchings avers that she has 8,000 followers on Facebook and 1,500 followers on Instagram.[6] Ms. Shanley and Ms. Hutchings interacted in one online community for four months in 2016.[7]

At diverse times, Ms. Hutchings published various negative comments about Ms. Shanley.[8] She accused Ms. Shanley of being a "known homewrecker[,]" "sexually coerc[ing] and blacklist[ing] male models[,]" and engaging in "white supremacy dog whistling."[9] She asked Ms. Shanley to "come answer for all the cheating and husband stealing[.]"[10] Ms. Hutchings called Ms. Shanley a "repeat offender" rapist who "ruined everyone's rep[utation]" and said, "now its [sic] your turn."[11] In addition to the rape allegations, Ms. Hutchings accused Ms. Shanley of being "an actual child molester" who "raped a kid[,]"[12] including her own child.[13] She offered one thousand dollars if "anyone brings [Ms. Shanley] . . . here."[14] And she uploaded a picture of a man with a noose around his neck after a post stating, "I'm really mad [Ms. Shanley] . . . you existing is like a total blight on humanity."[15]

---

[4] Answer ¶ 11. "The fantasy and paranormal romance fiction genre is one of the fastest growing romance genres and includes such well-known works as the Twilight series by Stephenie Meyer." *Id.* ¶ 9.
[5] *Id.* ¶ 12.
[6] *Id.* ¶ 15.
[7] *Id.* ¶ 13.
[8] Ms. Hutchings admits to making these statements. *See id.* ¶¶ 18, 20–21, 24–29, 31–35, 37–38, 40–41.
[9] Answer ¶ 18.
[10] *Id.* ¶ 18.
[11] *Id.* ¶¶ 24, 26, 27.
[12] *Id.* ¶ 31.
[13] *Id.* ¶ 37 ("[Ms. Shanley] you have three victims one is your son stop making me humiliate him with your crimes you monster.").
[14] Answer ¶ 41.
[15] *Id.* ¶ 42.

Plaintiffs filed their Complaint on August 29, 2022.[16] The Complaint alleges defamation per se, defamation, injurious falsehood, false light, tortious interference with economic relations, and intentional infliction of emotional distress.[17] On November 14, 2022, Ms. Hutchings filed her Answer.[18] She denies the claims, admits making various statements, and asserts an affirmative defense of truth.[19] On February 7, 2023, she filed her initial disclosures.[20] Eight days later, Plaintiffs served Ms. Hutchings with discovery requests.[21] Ms. Hutchings submitted responses and served written discovery requests on Plaintiffs on March 13, 2023.[22] Plaintiffs responded to Ms. Hutchings's written discovery requests on April 12, 2023.[23]

Ms. Hutchings moved for summary judgment on March 23, 2023.[24] Five days later, Plaintiffs filed a short form discovery motion to compel Ms. Hutchings to supplement her responses to their first set of discovery requests.[25] The court granted the motion and ordered Ms. Hutchings to supplement her responses by May 5, 2023.[26] On April 24, 2023, Plaintiffs filed their opposition to Ms. Hutchings's motion for summary judgment[27] and their Rule 56(d) motion.[28] Plaintiffs support their motion with a declaration from their attorney.[29] Ms. Hutchings

---

[16] *See* Compl., ECF No. 2.

[17] *Id.* ¶¶ 58–106.

[18] Answer, ECF No. 17.

[19] *Id.* at 36–37.

[20] Def. Initial Disclosures, ECF No. 46-1, filed Apr. 24, 2023. Plaintiffs also filed their initial disclosures on February 7, 2023. Pls. Initial Disclosures, ECF No. 45-1, filed Apr. 24, 2023.

[21] Pls. First Set of Disc. Reqs. to Def. ("Pls. Disc. Reqs."), ECF No. 45-2, filed Apr. 24, 2023.

[22] Def. Resps. to Pls. First Set of Interrogs. ("Def. Resps. to Interrogs."), ECF No. 45-3, filed Apr. 24, 2023.

[23] Pls. Resps. to Def. First Set of Interrogs., ECF No. 47-1, filed Apr. 24, 2023.

[24] *See* MSJ.

[25] ECF No. 35.

[26] ECF No. 40.

[27] Pls. Opp'n to Defs. Mot. for Summ. J. ("Opp'n"), ECF No. 47.

[28] *See* R. 56 Mot.

[29] Aff. of Juliette Palmer White in Support of Pls. Rule 56(d) Mot. ("White Aff."), ECF No. 46, filed Apr. 24, 2023.

has not filed a reply for her summary judgment motion nor a response to the Rule 56(d) motion,[30] and the time for doing so has passed.[31] Fact discovery closes on June 30, 2023.[32]

## STANDARD

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[33] "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[34] "The summary judgment standard requires [the court] to construe the facts in the light most favorable to the nonmovant and to draw all reasonable inferences in its favor."[35] "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[36]

## DISCUSSION

Ms. Hutchings contends Ms. Shanley is a public figure and has the burden of proving under the actual malice standard that Ms. Hutchings knew her statements were false or had serious doubts as to their truth.[37] To prevail on summary judgment, Ms. Hutchings must show

---

[30] On May 15, 2023, the court directed Ms. Hutchings to inform the court by May 22, 2023 whether she intended to file an opposition or reply brief. ECF No. 50. As of the date of this Memorandum Decision and Order, Ms. Hutchings has not done so.

[31] DUCivR 7-1(a)(4)(B)(iv), (D)(ii). "Failure to respond to arguments in opposition [m]emorandum means that [the] non-movant has conceded those matters." *David v. Midway City*, No. 2:20-cv-00066, 2021 WL 6930939, at *16 n.163 (D. Utah Dec. 14, 2021), *appeal dismissed*, No. 22-4009, 2022 WL 3350513 (10th Cir. Aug. 3, 2022) (citation omitted); *see Hinsdale v. City of Liberal*, 19 F. App'x 749, 768–69 (10th Cir. 2001) (unpublished). Under the local rules, "failure to respond timely to a motion may result in the court granting the motion without further notice." DUCivR 7-1(f).

[32] ECF No. 23, at 3.

[33] Fed. R. Civ. P. 56(a).

[34] *Est. of Beauford v. Mesa County*, 35 F.4th 1248, 1261 (10th Cir. 2022) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

[35] *Id.*

[36] *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1200–01 (10th Cir. 2022) (cleaned up).

[37] MSJ 11 (citing *N.Y. Times v. Sullivan*, 376 U.S. 254 (1964)).

there is no genuine dispute of material fact and Plaintiffs' claims fail as a matter of law. Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiffs ask the court to deny Ms. Hutchings's motion for summary judgment or postpone a decision in favor of more time for discovery.

"[T]he general rule is that summary judgment should not be entered 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition[.]'"[38] Under Rule 56(d), a court may defer ruling on a motion for summary judgment or deny it outright "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[39] The affidavit must "(1) identify[] the probable facts that are unavailable, (2) stat[e] why these facts cannot be presented without additional time, (3) identify[] past steps to obtain evidence of these facts, and (4) stat[e] how additional time would allow for rebuttal of the adversary's argument[.]"[40] Rule 56(d) "is designed to safeguard against a premature or improvident grant of summary judgment."[41] "Requests for further discovery should ordinarily be treated liberally. But relief . . . is not automatic."[42] Courts "expect Rule 56(d) motions to be robust."[43] The court "may not look beyond the affidavit in considering [the motion]."[44]

Plaintiffs must first identify facts likely to result from discovery and explain why the facts are unavailable. The affidavit must "'state with specificity' how discovery would yield

---

[38] *United States v. Supreme Ct. of N.M.*, 839 F.3d 888, 904 (10th Cir. 2016) (quoting *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000)).

[39] Fed. R. Civ. P. 56(d).

[40] *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) (internal quotation marks and citation omitted).

[41] *Jurgevich v. McGary*, 63 F. App'x 448, 453 (10th Cir. 2003) (unpublished) (quoting *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986)).

[42] *Nat'l Union Fire Ins. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 34 (10th Cir. 2021) (citation omitted).

[43] *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015); *see Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 969 (10th Cir. 2021) ("Speculation cannot support a Rule 56(d) motion.").

[44] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).

'probable facts' that would 'rebut the summary judgment motion.'"[45] Plaintiffs identify four areas for currently unavailable probable facts.

One area pertains to David Hendricks's ("Mr. Hendricks") affidavit. He asserts Ms. Shanley stalked and abused him when he was a child and tried to cover up her actions.[46] Plaintiffs seek to discover the alleged abuse and its factual basis, who committed the abuse, when and where the abuse occurred, who witnessed the abuse, and which of Ms. Hutchings's comments in the Complaint were based on the alleged abuse.[47] Plaintiffs further identify as probable facts the supposed "many felonies" Mr. Hendricks allegedly witnessed Ms. Shanley commit against him, other children, and animals.[48]

For the next area, Plaintiffs expect to obtain facts about posted "community warnings."[49] Specifically, they seek to know when the comments were made, on what platform, and by whom.[50] Plaintiffs also expect to discover which books or ideas Ms. Shanley allegedly plagiarized, who she allegedly blackmailed, and who she allegedly used to threaten others' children and how.[51] As to Ms. Hutchings's myriad accusations, Plaintiffs seek discovery for the claims of rape, human trafficking, and white supremacy. They identify probable facts concerning who Ms. Shanley allegedly trafficked, the basis for Ms. Shanley's alleged white supremacist

---

[45] *Adams*, 30 F.4th at 969 (quoting *Trask v. Francoi*, 446 F.3d 1036, 1042 (10th Cir. 2006)).
[46] David S. Hendrick's Aff. in Support of Def. Mot. for Summ. J. ¶¶ 2, 6–7, ECF No. 34, filed Mar. 23, 2023.
[47] White Aff. ¶ 5.a.
[48] *Id.*; Def. Initial Disclosures 5.
[49] MSJ 6; ECF No. 32-3; ECF No. 32-4; ECF No. 32-5; ECF No. 32-6.
[50] White Aff. ¶ 5.b.
[51] *Id.*

comments, and who Ms. Shanley allegedly raped.[52] Finally, Plaintiffs assert the need for

discovery regarding Ms. Hutchings's claim that Ms. Shanley is a public figure.[53]

Plaintiffs contend these facts are unavailable. They declare they have not received

supplemental written discovery responses or document productions.[54] And they have not deposed

Mr. Hendricks, Ms. Hutchings, or other relevant witnesses.[55] Plaintiffs aver more discovery will

support their causes of action by showing Ms. Hutchings's comments are "entirely false."[56]

Ultimately, Ms. Hutchings's summary judgment motion rests on whether there is a

genuine dispute of material fact as to the truth of her accusations. Plaintiffs seek specific facts

necessary to help determine the comments' truth. For this reason, Plaintiffs' affidavit sufficiently

identifies "useful evidence" to "rebut the summary judgment motion."[57]

Next, Plaintiffs' affidavit must explain past efforts to obtain necessary evidence, state

why more time is needed to present the evidence, and clarify how additional time will help them

rebut the motion for summary judgment. It does so. Plaintiffs served discovery requests on Ms.

Hutchings on February 15, 2023.[58] The requests sought to obtain the factual bases for Ms.

Hutchings's allegations through responses and document production. In particular, Plaintiffs

asked Ms. Hutchings to explain the factual bases for Ms. Shanley's alleged acts of sexual

coercion, white supremacy, rape, child molestation, human trafficking, stalking, abuse, and other

offenses.[59] But Ms. Hutchings did not provide Plaintiffs with adequate responses. The responses

---

[52] *Id.* ¶ 5.c.
[53] *Id.* ¶ 5.d.
[54] *Id.* ¶ 5.a
[55] White Aff. ¶¶ 5.a–c, 8.
[56] *Id.* ¶¶ 4, 6.
[57] *Adams*, 30 F.4th at 969, 970 (citation omitted).
[58] White Aff. ¶ 4.
[59] Pls. Disc. Reqs. 8–11.

mainly consisted of boilerplate objections[60] or were vague and incomplete.[61] After a hearing, the court ordered Ms. Hutchings to supplement her discovery responses.[62] Plaintiffs have not received any supplemental responses.[63] While Plaintiffs have not yet deposed Mr. Hendricks or Ms. Hutchings, they have not been "dilatory in conducting discovery."[64]

Plaintiffs easily have met their burden to show that more time is needed before the court rules on summary judgment. Additional discovery will address potential facts surrounding Ms. Hutchings's accusations. If present, such facts may help Plaintiffs "understand the claims against [them] and to prove the falsity of those claims."[65] The court thus grants Plaintiffs' Rule 56(d) motion. In consequence, Ms. Hutchings's motion for summary judgment is premature.

## ORDER

Accordingly, the court GRANTS Plaintiffs' Rule 56(d) Motion.[66] The court DENIES without prejudice Defendant's Motion for Summary Judgment.[67] Defendant may refile a renewed summary judgment motion, if appropriate, after the close of discovery.

---

[60] *E.g.* ECF No. 35, at 1–2 ("Explain the factual basis for your Social Media Post . . . claiming that Plaintiff 'sexually coerced and blacklisted male models.' **ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature, overly vague and confusing. Premature because the interrogatory appears to be a contention interrogatory and discovery is still ongoing. It is also vague and confusing in that the terms 'explain' and 'factual basis' need further definition in order for the defendant to ascertain what specific information is requested by the interrogatory.").

[61] *E.g., id.* at 4 ("Explain the factual basis for your Social Media Post . . . claiming that Plaintiff sold and/or trafficked her son. **ANSWER:** Defendant . . . responds that to the best of her understanding of what the interrogatory is requesting, and subject to updates as discovery is ongoing, her answer is: First-hand witness of the plaintiff being involved in and or committing criminal acts against young boys and men and description by a victim of being called her son and raped.").

[62] *See* ECF No. 40.

[63] White Aff. ¶¶ 7–8.

[64] *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1180 (10th Cir. 2008) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006)).

[65] White Aff. ¶ 6.

[66] ECF No. 45.

[67] ECF No. 32.

Signed May 26, 2023.

BY THE COURT

_____

David Barlow
United States District Judge