THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TERA SHANLEY a/k/a T.S. JOYCE and WICKED WILLOW PRESS, LLC, a Texas limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ROBYN A. HUTCHINGS a/k/a TERRY BOLRYDER a/k/a DOMINO SAVAGE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00549-DBB-JCB<br><br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs Tera Shanley a/k/a T.S. Joyce ("Ms. Shanley") and Wicked Willow Press, LLC's ("Wicked Willow") (collectively, "Plaintiffs") Rule 37(b) Motion for Sanctions.[2] Pro se Defendant Robyn A. Hutchings a/k/a Terry Bolryder a/k/a Domino Savage ("Ms. Hutchings") did not file a response to Plaintiffs' Motion, and the time for doing so has passed.[3] Under DUCivR 7-1(f), a party's failure to respond timely to a motion may result in the court granting the motion without further notice. Based upon Ms. Hutchings's lack of response, and the analysis set forth below, the court grants Plaintiffs' motion.

---

[1] ECF No. 18.

[2] ECF No. 52.

[3] DUCivR 7-1(a)(4)(D)(ii).

## BACKGROUND

This case arises out of a series of negative comments Ms. Hutchings published on social media about Ms. Shanley in July 2022, including accusations of plagiarism, blackmail, white supremacy, adultery, sexual coercion, child rape, rape of male models, and human trafficking.[4] On August 29, 2022, Plaintiffs filed a complaint against Ms. Hutchings, asserting causes of action for defamation per se, defamation, injurious falsehood, false light, tortious interference with economic relations, and intentional infliction of emotional distress.[5] On November 14, 2022, Ms. Hutchings filed her answer.[6] Ms. Hutchings denied the claims, admitted making various statements, and asserted an affirmative defense of truth.[7]

On February 15, 2023, Plaintiffs served Ms. Hutchings with their first set of discovery requests.[8] Plaintiffs received Ms. Hutchings's responses[9] but filed a short form discovery motion seeking an order compelling Ms. Hutchings to supplement her deficient discovery responses.[10]

On April 5, 2023, the court held a hearing on Plaintiffs' short form discovery motion[11] at which the court explained why it chose to hold an in-person hearing on Plaintiffs' motion to compel.

> [O]ne of the reasons why I wanted to have this hearing in person [is] because, well, discovery is difficult for even the most seasoned

---

[4] ECF No. 2 at 2.
[5] ECF No. 2 at 14-21.
[6] ECF No. 17.
[7] ECF No. 17.
[8] ECF No. 45-2.
[9] ECF No. 45-3.
[10] ECF No. 35.
[11] ECF No. 39.

> lawyers. And so for someone who is not legally trained to be able to jump into this fray, and then have to deal with it, I wanted to make sure we had a face-to-face discussion, so you understand where I'm coming from and what I expect, and that way there's no mystery there.
>
> I don't really want there to be mystery. I want you to be able to have the information you need to make good decisions in discovery going forward, and same with [Plaintiffs].[12]

The deficiencies in Ms. Hutchings's discovery responses fell into two general categories: (1) boilerplate objections, and (2) incomplete responses. The court explained to Ms. Hutchings that her "boilerplate objections" to Plaintiffs' discovery requests are impermissible under the Federal Rules of Civil Procedure after the 2015 amendments[13] and directed Ms. Hutchings to "answer[] [the interrogatories] according to [the] plain language that they're asked."[14] The court also explained that, as to Plaintiffs' requests for production, "the law requires [Ms. Hutchings] to make a reasonable effort to identify all responsive documents."[15] Ms. Hutchings told the court that she "really did try to be cooperative"[16] and stated that, in future discovery responses, she would "answer honestly and give evidence," "fix it," and "work hard on that."[17]

The court granted Plaintiffs' motion and ordered Ms. Hutchings to provide to Plaintiffs amended responses to Plaintiffs' first set of interrogatories and requests for production by May 5,

---

[12] ECF No. 56 at 8:17-25 to 9:1-3.

[13] Fed. R. Civ. P. 26 advisory committee's note to the 2015 Amendments.

[14] ECF No. 56 at 14:23.

[15] ECF No. 56 at 26:7-8.

[16] ECF No. 56 at 10:17-18.

[17] ECF No. 56 at 11:9-12.

2023.[18] Despite the court's order, Ms. Hutchings failed to serve amended discovery responses.[19] Ms. Hutchings also failed to oppose Plaintiffs' Rule 56(d) motion[20] or file a reply in support of her motion for summary judgment.[21] Judge Barlow granted Plaintiffs' Rule 56(d) motion and denied without prejudice Ms. Hutchings's motion for summary judgment, noting that additional discovery is necessary to help Plaintiffs understand the claims against them and to prove the falsity of those claims.[22]

Plaintiffs' counsel emailed Ms. Hutchings on May 8, 10, 11, and 26, 2023, inquiring about when Plaintiffs might receive Ms. Hutchings's amended discovery responses and stating that Ms. Hutchings's failure to comply with the court's order places Ms. Hutchings at risk of sanctions.[23] Plaintiffs' counsel also emailed Ms. Hutchings on June 2, 2023, with deposition notices and a request to provide available dates by June 9.[24] Ms. Hutchings has not responded to any of Plaintiffs' counsel's emails since May 4, 2023.[25]

Plaintiffs filed the motion now before the court on June 7, 2023,[26] seeking sanctions under Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii) for Ms. Hutchings's failure to comply with the court's order to provide discovery to Plaintiffs, including:

---

[18] ECF No. 40.
[19] ECF No. 52 at 2, 4.
[20] ECF No. 45.
[21] ECF No. 32.
[22] ECF No. 51 at 8.
[23] ECF No. 52-3 at 4-13.
[24] ECF No. 52-2 at 3.
[25] ECF No. 52-2 at 3.
[26] ECF No. 52.

(i) an order directing that the falsity of all of Ms. Hutchings's social media statements (i.e., the statements referenced in Plaintiffs' complaint) be "taken as established" for purposes of this case;

(ii) an order prohibiting Ms. Hutchings from later attempting to introduce evidence to support her defense of truth; and

(iii) an order directing that all of Ms. Hutchings's affirmative defenses be stricken.

## ANALYSIS

Ms. Hutchings's willful recalcitrance to participate in this case warrants severe sanctions under Fed. R. Civ. P. 37(b). Specifically, under Fed. R. Civ. P. 37(b)(2)(A):

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

5

"Determination of the correct sanction for a discovery violation is a fact-specific inquiry,"[27] and the court's "discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery."[28]

To guide the court's sanction-imposing-discretion for obstreperous litigation behavior, The Court of Appeals for the Tenth Circuit has provided five factors: (1) the degree of actual prejudice to the [moving party]; (2) the amount of interference with the judicial process; (3) the culpability of the [non-moving party]; (4) whether the court warned the party in advance that [sanctions would be a likely outcome of] noncompliance; and (5) the efficacy of lesser sanctions.[29] Below, the court considers each of these factors and concludes that Ms. Hutchings's failure to comply with the court's order to amend her discovery responses weighs in favor of imposing the requested sanctions.

A. Prejudice

Ms. Hutchings's noncompliance with the court's April 5 order to amend her discovery responses—along with her continuing refusal to participate in this action since her email to Plaintiffs' counsel on May 4—has prejudiced Plaintiffs through increased costs and an inability to advance this case. Courts in this circuit find that a moving party is prejudiced when that party is "unable to seek redress for [its] alleged injuries because of [the non-moving party's] failure to

---

[27] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

[28] *Id.* (quotations and citation omitted).

[29] *Id.* at 921 (quotations, citations, and alteration omitted); *See also Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 102 (D. Colo 1996) (explaining that while *Ehrenhaus* lists five factors that a court should consider before imposing *dispositive* sanctions, courts are not restricted to consider these factors only in cases which involve dispositive sanctions.).

comply with the court's order or otherwise participate in ongoing litigation."[30] Here, without Ms. Hutchings's amended discovery responses, this case is at a standstill: Plaintiffs neither know whether Ms. Hutchings has any factual basis for or documents supporting her statements made about Ms. Shanley on social media nor can Plaintiffs have an opportunity to demonstrate the falsity of these statements.

At the April 5 hearing, Ms. Hutchings stated that part of the reason she did not adequately respond to Plaintiffs' interrogatories was out of a concern that she would be divulging sensitive victim information.[31] Although the court sympathized with this reasoning, the court also explained to Ms. Hutchings:

> [I]f you take to online disclosure of making allegations based on that victim statement, . . . if you're then sued for defamation, turning over the factual basis as to who said that to you and why, what you learned about it, what prompted you to then post it publicly, it's fair game in a defamation litigation.[32]

The court explained that, under the court's standard protective order, Ms. Hutchings could designate any sensitive information as "confidential" or "confidential, attorney's eyes

---

[30] *Cline v. Parker Indus., Inc.*, No. 2:21-CV-00635, 2023 WL 2574138, at *2 (D. Utah Mar. 20, 2023); *see also Seeley Int'l Pty Ltd. v. Maisotsenko*, No. 21-CV-01350-CMA-KLM, 2023 WL 2706358, at *3 (D. Colo. Mar. 30, 2023) (finding prejudice where the defendant failed to comply with a court order requiring production of certain discovery and failed to respond to the plaintiff's requests to meet and confer about the same); *Gentle Giant Moving Co. v. Gentle Giant Moving & Storage Inc.*, No. 17-CV-02762-PAB-NRN, 2019 WL 4200397, at *3 (D. Colo. Sept. 4, 2019) (finding the plaintiff had been prejudiced by being required to file additional motions and incurring additional fees in order to obtain discovery due to the defendants' failure to comply with a court order directing them to respond to discovery requests).

[31] ECF No. 56 at 10:19-23.

[32] ECF No. 56 at 12:9-14.

only."[33] Even with the court's directive, since this hearing, Plaintiffs have not received a single document or complete written discovery responses from Ms. Hutchings. As a result of Ms. Hutchings's inaction, Plaintiffs have incurred significant attorney fees, including fees for drafting the motion currently before the court. Therefore, Plaintiffs have adequately demonstrated that Ms. Hutchings's disregard of the court's order prejudices Plaintiffs. This factor weighs in favor of sanctions.

B. Interference with Judicial Process

Ms. Hutchings's failure to comply with the court's order to amend her discovery responses has also interfered with the judicial process. Interference occurs where a party fails to comply with a court order or otherwise flouts a court's authority such that the opposing party is delayed in advancing its case.[34] Not only has Ms. Hutchings refused to participate in discovery—despite a court order—but her frequent disappearances have unnecessarily delayed litigation. For example, Plaintiffs' counsel reached out several times to meet and confer about Ms. Hutchings's discovery responses before filing a motion to compel, but Ms. Hutchings was "offline working on [her] summary judgment [motion]" and did not respond to Plaintiffs' emails.[35]

At the hearing on Plaintiffs' motion to compel, the court explained to Ms. Hutchings:

> I know you're not an attorney, but when we're dealing with lawyers, you're basically subjected to the same rules that appl[y] to everybody who litigates here. You can't really go offline for a five-day period.
>
> . . . .

---

[33] ECF No. 56 at 33:9-24.

[34] *Ehrenhaus*, 965 F.2d at 921; *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993).

[35] ECF No. 56 at 13:13; *see also* ECF No. 36 at 1.

> [T]hat's why I brought you in here. I just wanted to have a face-to-face conversation about how this works so that you understand what the rules are. . . . We just need to resolve [this discovery dispute] because we [have] got to keep the case moving.[36]

Thus, to prevent the case from stalling, the court ordered Ms. Hutchings to amend her discovery responses by May 5, 2023. Ms. Hutchings's lack of compliance with this order, lack of response to Plaintiff's counsel's emails since May 4, lack of reply in support of her motion for summary judgment, and lack of response to Plaintiffs' Rule 56(d) motion demonstrates a lack of respect for the judicial process. Ms. Hutchings's absence has caused the court to spend needless time and effort. The court's frequent review of the docket and preparation of orders to move this case along have increased the court's workload and hijacked its attention from other matters with parties who have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."[37] Ms. Hutchings's inference with the judicial process weighs in favor of sanctions.

### C. Culpability

Ms. Hutchings knew she was expected to amend her discovery responses by May 5, but willfully chose to disregard the court's order.[38] In response to the court's order that Ms.

---

[36] ECF No. 56 at 12:22-25, 27:2-6.

[37] *Lynn v. Roberts*, No. 01-CV-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006).

[38] Courts in this circuit find culpability where a party "knew what the [c]ourt expected of [the party], but . . . willfully chose to disregard the [c]ourt's clear [o]rders." *Maisotsenko*, 2023 WL 2706358, at *3; *see also Ellis-Hall Consultants, LLC v. Hofmann*, No. 20-4040, 2022 WL 3972093, at *5 (10th Cir. 2022) ("This factor requires willfulness, bad faith, or [some] fault

9

Hutchings remedy her discovery responses, Ms. Hutchings stated: "I will be as expedient and diligent -- I will go overboard if I have to, to try to make this end because it's painful, painful for victims to watch this."[39]

Additionally, Ms. Hutchings stated in her May 4 email to Plaintiffs' counsel that she "plann[ed] to file interrogatories on Friday [May 5],"[40] demonstrating that she was aware of this obligation. Instead, Ms. Hutchings did not amend her responses by the deadline and has not communicated with Plaintiffs' counsel since that email. Ms. Hutchings has been anything but expedient and diligent in discovery. Although Ms. Hutchings is representing herself in this matter, she is not excused from her obligations to participate. Therefore, the court concludes that Ms. Hutchings is culpable for her failure to obey the court's order. This factor weighs in favor of sanctions.

D. <u>Advance Warning</u>

At the hearing, after granting Plaintiffs' motion to compel, the court declined to impose fees against Ms. Hutchings under Fed. R. Civ. P. 37(a)(5)(A)(iii).[41] However, the court warned Ms. Hutchings that failure to comply with the court's order to amend her discovery responses could result in sanctions:

> I don't want to sanction anybody; I never do. But I want to make you aware that that's a possibility.

---

rather than just a simple inability to comply." (alteration in original) (quotations and citations omitted)).

[39] ECF No. 56 at 35.
[40] ECF No. 52-3 at 2.
[41] ECF No. 56 at 28:15-19.

> And if things go really south, there are sanctions that can be imposed that are beyond [Fed. R. Civ. P. 37 fees], which include the striking of the answer, dismissal of counter claims, adverse jury instructions[, and] things of that nature, which can really do damage to the overall case that you want to make. I don't want to see that happen. I want to see this decided on the merits, whatever those are.[42]

Ms. Hutchings replied by stating, "I will participate in discovery. And I -- I will do what you say . . . I'll be available all the time now . . . ."[43] The court's warning to Ms. Hutchings was clear, and Ms. Hutchings's failure to heed the court's warning is also clear. This factor weighs in favor of sanctions.

E. Efficacy of Lesser Sanctions

Lesser sanctions will not be effective. "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent. The appropriate sanction should be the least severe available sanction that will adequately deter and punish the wrongdoer."[44] Plaintiffs request that this court order sanctions consistent with Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), including an order establishing the falsity of Ms. Hutchings's social media statements about Ms. Shanley, barring Ms. Hutchings from providing evidence related to the purported truth of these statements, and striking Ms. Hutchings's affirmative defenses. Lesser sanctions (e.g., monetary sanctions) will not be effective in moving this case forward because the court has already explained—face-to-face with Ms. Hutchings—its expectations and the consequences of failing to

---

[42] ECF No. 56 at 28:23 to 29:7.

[43] ECF No. 56 at 30:2-3, 30:14.

[44] *Eagle v. USA Dent Co., LLC*, No. 20-CV-01146-JWB-TJJ, 2023 WL 2734235, at *3 (D. Kan. Mar. 31, 2023) (quotations, citations, and footnotes omitted).

meet them. Ms. Hutchings's conduct shows that she simply does not care about the expectations the law imposes on litigants or the consequences for failing to abide. The court has no other recourse for dealing with a disappearing litigant than to make his/her claims and defenses disappear too. Otherwise, Ms. Hutchings's non-cooperation is inappropriately rewarded. This cannot be. Having fully analyzed the *Ehrenhaus* factors, the court concludes that Plaintiffs' requested sanctions are entirely appropriate.

### CONCLUSION AND ORDER

For the reasons stated above, it is HEREBY ORDERED that pursuant to Fed. R. Civ. P. 37:

1. Plaintiffs' Rule 37(b) Motion for Sanctions[45] is GRANTED.
2. The falsity of all of Ms. Hutchings's social media statements referenced in Plaintiffs' complaint[46] are "taken as established" for purposes of this action.[47]
3. Ms. Hutchings is prohibited from introducing any future evidence to support her defense of truth.[48]
4. Ms. Hutchings's affirmative defenses are stricken.[49]

---

[45] ECF No. 52.
[46] ECF No. 2.
[47] Fed. R. Civ. P. 37(b)(2)(A)(i).
[48] Fed. R. Civ. P. 37(b)(2)(A)(ii).
[49] Fed. R. Civ. P. 37(b)(2)(A)(iii).

IT IS SO ORDERED.

DATED this 26th day of July 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge
