PRELIMINARY INSTRUCTION NO. 1

INTRODUCTION

MEMBERS OF THE JURY:

Thank you for your willingness to serve as jurors. I will now read some preliminary instructions about the process we will follow throughout the trial. At the end of the trial, I will provide more instructions about the law that governs the issues. During the trial you should focus your attention on the facts of this case, as shown by the evidence presented.

It will be your duty to find the facts from the evidence presented in court. I will give you detailed instructions at the conclusion of the evidence on the law, the required proof, and how you should proceed to reach a verdict. Nothing I may say or do during the course of the trial is intended to indicate that I have any opinion about the facts of this case nor should anything I say or do be taken as indicating what your verdict should be.

PRELIMINARY INSTRUCTION NO. 2

BACKGROUND

This is a civil lawsuit. The party who is bringing a lawsuit is called a "plaintiff," while the party being sued is called a "defendant." To help you understand what you will see and hear, I will now explain the background of the case.

In this case, the plaintiff alleges that the defendant defamed her and committed intentional infliction of emotional distress by posting a number of statements on social media. Defamation is a claim that becomes available when the defendant publishes a false statement that harms the plaintiff's reputation. For certain types of defamation, reputational harm is presumed by the law. Intentional infliction of emotional distress is a claim that becomes available when the defendant intentionally engages in extreme conduct that offends generally accepted standards of decency and the plaintiff suffers severe emotional distress as a result. The defendant's liability for these false statements has already been determined. Your sole task is to determine what damages were caused by Defendant's statements.

PRELIMINARY INSTRUCTION NO. 3

PARTIES & ISSUES

The Plaintiff in this case is Tera Shanley, who also goes by her penname, T.S. Joyce. The defendant being sued in this case is Robyn A. Hutchings, who goes by the pennames Terry Bolryder and Domino Savage. Ms. Hutchings has received notice of these trial proceedings and is not present.

Ms. Shanley is seeking two types of damages: actual damages and punitive damages. I will now describe these types of damages and the requisite burdens of proof. These preliminary instructions are meant to provide you guidance as the evidence is presented. As I indicated, I will give additional and more detailed instructions at the conclusion of evidence.

PRELIMINARY INSTRUCTION NO. 3-A

ACTUAL DAMAGES

Actual damages consist of two sub-categories: economic damages and non-economic damages. To be entitled to both economic damages and non-economic damages, the Plaintiff must prove both the fact of damages caused by Defendant's wrongdoing and the amount of damages.

Economic damages are awarded to compensate a plaintiff for actual and specific monetary losses. They include things like lost income and medical expenses, among other things. In order to recover economic damages, the Plaintiff must prove by a preponderance of the evidence that the Defendant's wrongdoing caused such actual and specific monetary losses. If the Plaintiff has proved the fact of economic damages, then the amount of damages must be proved with reasonable certainty.

Non-economic damages are damages meant to compensate the plaintiff for losses that are not capable of precise calculation. Types of non-economic damages include harm to reputation and standing in the community and harms such as humiliation, shame, mental anguish and suffering, and emotional distress. You may consider the nature and extent of these harms, as well as whether the consequences of these injuries are likely to continue and for how long. In order to recover non-economic damages, the Plaintiff must prove by a preponderance of the evidence that the Defendant's wrongdoing caused her these types of harms. There is no formula or standard for the calculation of non-economic damages. Finally, for certain types of defamation, damage to reputation may be presumed for which the Plaintiff is entitled to at least nominal damages. The term "nominal damages" means an insignificant amount, such as one dollar.

PRELIMINARY INSTRUCTION NO. 3-B

PUNITIVE DAMAGES

Punitive damages are intended to punish a wrongdoer for extraordinary misconduct and to discourage others from similar conduct. They are not intended to compensate the plaintiff. Punitive damages may only be awarded if the Plaintiff has proved by clear and convincing evidence that the Defendant's conduct: (1) was willful and malicious; or (2) was intentionally fraudulent; or (3) manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, including the Plaintiff.

PRELIMINARY INSTRUCTION NO. 4

EVIDENTIARY BURDENS

A moment ago I mentioned several evidentiary burdens, and I'm going to explain what each of those mean now. When I said that the Plaintiff has the burden of proving the fact of damages by a preponderance of the evidence, that means that the plaintiff must produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the Plaintiff fails to carry her burden, then you may not award her economic or non-economic damages.

When I said that the Plaintiff has the burden of proving the amount of economic damages with reasonable certainty, this means that evidence must give you a reasonable estimate of the amount of damages. You may not speculate as to the amount of damages, but you need not calculate damages with mathematical certainty. The level of proof required to establish the amount of damage is generally lower than required to establish the fact and cause of damage.

And when I said that the award of punitive damages requires that the Plaintiff prove certain facts by clear and convincing evidence, this means the evidence must produce in your mind a firm belief or conviction as to the matter at issue. This standard does not require proof to an absolute certainty, but does require that no serious or substantial doubt be present in your mind.

Those of you who have seen or participated in criminal trials will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, and you should therefore put it out of your mind.

Finally, that the Defendant is not present for this trial does not change any of these evidentiary standards that I've discussed.

PRELIMINARY INSTRUCTION NO. 5

ROLE OF JUDGE

It is my role to supervise the trial and to decide all legal questions, such as deciding objections to evidence and deciding the meaning of the law. I will also instruct you on the law that you must apply.

The order in which I give these instructions has no significance. You must consider the instructions in their entirety, giving them all equal weight. I do not intend to emphasize any particular instruction and neither should you.

The instructions that I give you are the law, and your oath requires you to follow my instructions even if you disagree with them.

<u>PRELIMINARY INSTRUCTION NO. 6</u>

ROLE OF LAWYERS

It is the lawyers' role to present evidence, generally by calling and questioning witnesses and presenting exhibits. It is also the lawyers' role to try to persuade you to decide the case in favor of his or her client.

Things that you see on television and in the movies may not accurately reflect the way real trials should be conducted. Real trials should be conducted with professionalism, courtesy, and civility.

PRELIMINARY INSTRUCTION NO. 7

ROLE OF JURY

It will be your role to find from the evidence what the facts are. The facts generally relate to who, what, when, where, why, and how. The facts must be supported by the evidence. Neither the lawyers nor I decide the facts. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. Again, your oath as jurors requires that you must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

PRELIMINARY INSTRUCTION NO. 8

EVIDENCE

The evidence from which you will find the facts will consist of the sworn testimony of witnesses; documents, and other things received as exhibits, regardless of who may have produced them; and any facts the lawyers agree or stipulate to, or that I may instruct you to find.

Certain things are not evidence and you must not consider them. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by an objection or by my ruling on it. If the objection is sustained, you must ignore the question that was asked before the objection. If the objection is overruled, you may consider the answer as evidence.

3. Testimony that I have excluded or told you to disregard is not evidence and you must not consider it.

4. If you are instructed that testimony or evidence is received only for a limited purpose, it may only be considered for that specific purpose.

5. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You must decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

PRELIMINARY INSTRUCTION NO. 9

CREDIBILITY

You are the sole judges of the credibility of the witnesses and the weight to be given to the testimony and evidence. In judging the weight of the testimony and the credibility of the witnesses, you may take into consideration: their bias; their interest in the result of the case; their relationship to any of the parties; any probable motive or lack thereof to testify fairly; their demeanor on the witness stand; the reasonableness of their testimony; their frankness or candor, or the lack thereof; their opportunity to know; their ability to understand; their capacity to remember; and the extent to which their testimony has been either supported or contradicted by other credible evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, you think it deserves. You may believe or disbelieve all or any part of any witness's testimony.

PRELIMINARY INSTRUCTION NO. 10

BIAS

You must come to the case without bias. You must not decide this case for or against anyone because you feel sorry for anyone or angry at anyone. You must decide this case based on the facts and the law, without regard to sympathy, passion, or prejudice.

PRELIMINARY INSTRUCTION NO. 11

BASIS FOR DECISION

At the end of trial, you must make your decision based on what you recall of the evidence and the exhibits received into evidence. You will not be provided with a transcript or record of the trial. You will have the exhibits that are received into evidence. I urge you to pay close attention to the testimony as it is given.

PRELIMINARY INSTRUCTION NO. 12

NOTES DURING TRIAL

If you would like to take notes during the trial, you may, but you are not required to do so. If you decide to take notes, be careful not to get so involved in note taking that you become distracted. Also, remember that your notes will not necessarily reflect exactly what was said.

Your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors.

If you do take notes, you must leave them in the jury room at night and not discuss the content of your notes until you begin deliberations. Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror and at no other time than during deliberation.

PRELIMINARY INSTRUCTION NO. 13

COURT REPORTER

The court reporter is making stenographic notes of everything that is said. The purpose is to have an accurate record of the proceeding and to assist any appeals. But this record will not be available for your use during deliberations.

PRELIMINARY INSTRUCTION NO. 14

SIDEBARS & BENCH CONFERENCES

During the trial it may be necessary for me to discuss legal matters with the lawyers out of your hearing, either by having a conference here at the bench while you are present in the courtroom, or by calling a recess. The length of these conferences may vary. Please understand that while you are waiting, we are working. Also, please do not speculate as to what we are discussing or why we are having these discussions.

PRELIMINARY INSTRUCTION NO. 15

CONDUCT OF JURORS

Now to your conduct as jurors. These instructions may seem odd, but they are critically important, because if you violate these rules the trial and your verdict may be invalid.

First, until this trial is over, you may not discuss the case or the evidence with anyone, even fellow jurors.

Second, if anyone should try to talk to you about the subject of this case, bring it to the attention of the courtroom deputy promptly.

Third, do not read or listen to anything touching on this case in any way. Do not watch or listen to any news reports concerning this trial on television or on the radio, and do not read any news accounts of this trial in a newspaper, on the internet, or on any instant communication device or service, including smartphones, tablets, email, texts, social media platforms such as Facebook, X, or Instagram, and other devices and services.

Fourth, do not try to do any research or make any investigation about the case on your own. This means you must not consult any person or source, including internet resources, on subjects related to this case. This includes the internet, reference books or dictionaries, newspapers, magazines, television, radio, computers, smartphones, tablets or any social media or electronic device. This also includes visiting any of the places involved in this case, using Internet maps or Google Earth or any other source, talking to possible witnesses, or creating your own experiments or reenactments.

Fifth, when family, friends, colleagues, or anyone else asks what the case is about, remember you cannot speak with them about the case. All you can tell them is that you are on a jury, the estimated schedule for the trial, and that you cannot talk about the case until it is over. This includes every form of communication you can imagine, including not just speaking, but

emails, text messages, tweets, blogs, chat room discussions, comments or other postings, Facebook, X, Instagram, LinkedIn, or any other social media of any kind.

Sixth, to avoid even the appearance of improper conduct, do not talk to any of the parties, the lawyers, or witnesses about anything until the case is over, even if your conversation with them has nothing to do with the case. The lawyers and parties have been given the same instruction about not speaking with you, so do not think they are being unfriendly to you if they ignore you.

After the trial is over and I have released you from the jury, you may then discuss the case with anyone. But you are not required to do so. I will give you more instructions about this when you have returned your verdict.

PRELIMINARY INSTRUCTION NO. 16

KEEPING AN OPEN MIND

You must keep an open mind throughout the trial. Evidence can only be presented one piece at a time. Do not form or express an opinion about this case while the trial is going on. You must not decide on a verdict until after you have heard all of the evidence and have discussed it thoroughly with your fellow jurors in your deliberations.

PRELIMINARY INSTRUCTION NO. 17

TRIAL PROCEDURE

I will now explain the trial procedure. Because the Defendant, Ms. Hutchings, is not present at this trial, the trial will generally proceed as follows:

1. Opening Statements. The Plaintiff's lawyers will make an opening statement, outlining what the case is about and what they think the evidence will be. Opening statements are neither evidence nor arguments. They are a road map to show you what is ahead.

2. Presentation of Evidence. The Plaintiff will then present her witnesses and other evidence.

3. Instructions on the Law. After all the evidence is in, I will instruct you on the law that you must apply.

4. Closing Arguments. Next, the Plaintiff's lawyers will summarize and argue the case. They will share with you their views of the evidence, how it relates to the law, and how they think you should decide the case.

5. Jury Deliberations. The final step is for you to go to the jury room and discuss the case among yourselves until you reach a verdict.

The trial will begin now. It is expected that the presentation of evidence will be concluded by Friday morning. You will have as much time as you require for deliberations afterward.

Thank you for your attention as I have provided these instructions. And again, thank you for your willingness to participate in this vital civic service.