## POST-EVIDENCE INSTRUCTIONS

### INSTRUCTION NO. 18

### INTRODUCTION

MEMBERS OF THE JURY:

Now that you have heard the evidence, it is my duty to instruct you on the law that applies to this case.

It is your duty as jurors to follow the law as stated in these instructions, and to apply the law to the facts as you find them from the evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by these instructions. You must not substitute your own opinion of what the law is or ought to be.

You should not read into these instructions, or anything else I have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

<u>INSTRUCTION NO. 19</u>

NO BIAS OR PREJUDICE AGAINST ANY PARTY

You are to perform your duty as jurors without bias or prejudice as to any party. You must not be influenced by any personal likes or dislikes, opinions, bias, prejudice, or sympathy. That means that you must decide the case solely on the evidence before you.

<u>INSTRUCTION NO. 20</u>

EVIDENTIARY BURDENS

You may have heard that in a criminal case proof must be beyond a reasonable doubt, but this is not a criminal case. In a civil case such as this one, a lower burden of proof than "beyond a reasonable doubt" applies to each of the issues.

I will now instruct you on what each of these burdens are, and to what issues they apply.

INSTRUCTION NO. 20-A

PREPONDERANCE OF THE EVIDENCE

When I tell you that a party has the burden of proof or that a party must prove something by a "preponderance of the evidence," I mean that the party must persuade you, by the evidence, that the fact is more likely to be true than not true. Another way of saying this is proof by the greater weight of evidence, however slight.

The preponderance of the evidence is not determined by counting the number of witnesses or the amount of the testimony. Rather, it is determined by evaluating the persuasive character of the evidence. In weighing the evidence, you should consider all of the evidence that applies to a fact, no matter which party presented it. The weight to be given to each piece of evidence is for you to decide.

In answering any question asked on the verdict form that requires proof by a preponderance of the evidence, if you find that the party's claim is more likely true than not true, you should answer that question with a "Yes." If, however, the evidence appears to be equally balanced or in favor of the other party's position with respect to any question asked on the verdict form, then you must answer that question with a "No."

The fact and cause of economic and non-economic damages must be proved by a preponderance of the evidence.

INSTRUCTION NO. 20-B

CLEAR AND CONVINCING EVIDENCE

Some facts in this case must be proved by a higher level of proof called "clear and convincing evidence." When I tell you that a party must prove something by clear and convincing evidence, I mean that the evidence must leave no serious or substantial doubt in your mind that a fact is true. The Defendant's state of mind for purposes of punitive damages must be proved by clear and convincing evidence.

INSTRUCTION NO. 20-C

REASONABLE CERTAINTY

The amount of economic and non-economic damages in this case must be proved with "reasonable certainty." There is reasonable certainty as to the amount of economic and non-economic damages if there is sufficient evidence for you to make a reasonable approximation, based on the evidence before you. Therefore, this burden is lower than the preponderance of the evidence standard that I described a moment ago, which applies to the fact and cause of damages.

<u>INSTRUCTION NO. 21</u>

"EVIDENCE" DEFINED

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have presented them; and all facts that may have been admitted.

Statements and arguments of counsel are not evidence in this case.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to consider only the evidence in this case. However, you are permitted to draw reasonable inferences from the facts that you find have been proved. An inference is a deduction or conclusion that reason and common sense would lead you to draw from facts that are established by the evidence in the case. In the absence of such facts, you may not draw an inference.

You should weigh all of the evidence in the case, affording each piece of evidence the weight or significance that you find it reasonably deserves.

<u>INSTRUCTION NO. 22</u>

DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may consider both direct and circumstantial evidence. There is no difference between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts or circumstances indicating the existence or the nonexistence of a particular fact, or the occurrence or nonoccurrence of a particular event.

You should weigh all of the evidence in the case, giving each piece of evidence the weight or significance that you find it reasonably deserves.

<u>INSTRUCTION NO. 23</u>

CHARTS, SUMMARIES, AND EXEMPLARS

Certain charts, summaries, and exemplars have been shown to you in order to help explain the evidence. However, the charts, summaries, and exemplars are not in and of themselves evidence. If the charts, summaries, or exemplars correctly reflect facts or figures shown by the evidence, you may consider them.

INSTRUCTION NO. 24

BELIEVABILITY OF WITNESSES

Testimony in this case has been given under oath. You must evaluate the believability of that testimony. You may believe all or any part of the testimony of a witness. You may also believe one witness against many witnesses or many against one, in accordance with your honest convictions.

In evaluating the testimony of a witness, you may want to consider the following:

(1)     <u>Personal interest</u>: Do you believe the accuracy of the testimony was affected one way or the other by any personal interest the witness has in the case?

(2)     <u>Bias</u>: Do you believe the accuracy of the testimony was affected by any bias or prejudice?

(3)     <u>Demeanor</u>: Is there anything about the witness's appearance, conduct or actions that causes you to give more or less weight to the testimony?

(4)     <u>Consistency</u>: How does the testimony tend to support or not support other believable evidence that is offered in the case?

(5)     <u>Knowledge</u>: Did the witness have a good opportunity to know what the witness was testifying about?

(6)     <u>Memory</u>: Does the witness's memory appear to be reliable?

(7)     <u>Reasonableness</u>: Is the testimony of the witness reasonable in light of human experience?

These considerations are not intended to limit how you evaluate testimony. You are the ultimate judges of how to evaluate believability.

INSTRUCTION NO. 25

INCONSISTENT STATEMENTS

You may believe that a witness, on another occasion, made a statement inconsistent with that witness's testimony given here. That does not mean that you are required to disregard the testimony. It is for you to decide whether to believe the witness.

<u>INSTRUCTION NO. 26</u>

"FAULT" DEFINED

Fault means any wrongful act or failure to act that causes harm to the person seeking recovery. The wrongful acts alleged in this case are false and defamatory statements, and statements that were intended to inflict emotional distress.

<u>INSTRUCTION NO. 27</u>

"CAUSE" DEFINED

I have instructed you that the concept of fault includes a wrongful act or failure to act that causes harm.

As used in the law, the word "cause" has a special meaning, and you must use this meaning whenever you apply the word. "Cause" means that:

- The person's act or failure to act produced the harm directly or set in motion events that produced the harm in a natural and continuous sequence; and

- The person's act or failure to act could be foreseen by a reasonable person to produce harm of the same general nature.

There may be more than one cause of the same harm.

INSTRUCTION NO. 28

PLAINTIFF'S CLAIMS

The plaintiff asserts two claims against the defendant: (1) defamation and (2) intentional infliction of emotional distress. The Defendant's liability for both claims has already been determined. Your sole task is to determine the amount of damages caused by Defendant's wrongdoing. It is the plaintiff's burden to establish the cause and amount of damages for both claims.

The plaintiff seeks two types of damages in this case: actual damages and punitive damages. I will now review both types of damages with you in detail.

INSTRUCTION NO. 29

INTRODUCTION TO ACTUAL DAMAGES

I will now instruct you about damages. My instructions are given as a guide for calculating what damages should be if you find that the plaintiff is entitled to them. If you decide, however, that the plaintiff is not entitled to recover damages, then you must disregard these instructions. The fact that I have instructed you concerning damages is not to be taken as an indication that I either believe or do not believe that Plaintiff is entitled to recover damages.

To be entitled to damages, the plaintiff must prove two points:

First, that damages occurred. There must be a reasonable probability, not just speculation, that the plaintiff suffered damages caused by Ms. Hutchings's wrongdoing.

Second, the amount of damages. The evidence must provide a reasonable estimate of the amount of damages, but the law does not require mathematical certainty.

If you decide by a preponderance of the evidence that Ms. Hutchings's wrongdoing caused injury to the plaintiff, you must decide how much money will fairly and adequately compensate the plaintiff for that injury. There are two kinds of actual damages: economic and non-economic.

INSTRUCTION NO. 29-A

ECONOMIC DAMAGES

Economic damages are the amount of money that will fairly and adequately compensate the plaintiff for measurable losses of money or property caused by Ms. Hutchings's wrongdoing, including losses incurred in the past as well as those that will probably be incurred in the future. Economic damages include lost income and medical expenses. They do not include intangible and immeasurable harms such as damage to reputation, or humiliation, shame, mental anguish, and emotional distress.

INSTRUCTION NO. 29-B

NON-ECONOMIC DAMAGES DEFINED

Non-economic damages are the amount of money that will fairly and adequately compensate Ms. Shanley for losses other than economic losses. Types of non-economic damages include harm to reputation and standing in the community and harms such as humiliation, shame, mental anguish and suffering, and emotional distress. They also may include any efforts to mitigate losses.

Non-economic damages are not capable of being exactly measured, and there is no fixed rule, standard, or formula for them. If the evidence supports them, non-economic damages must still be awarded even though they may be difficult to compute. It is your duty to make this determination with calm and reasonable judgment. The law does not require the testimony of any witness to establish the amount of non-economic damages.

In awarding non-economic damages, among the things that you may consider are:

1.      The nature and extent of injuries;

2.      The pain and suffering, both mental and physical;

3.      The extent to which Ms. Shanley has been prevented from pursuing her ordinary affairs;

4.      The extent to which Ms. Shanley has been limited in the enjoyment of life; and

5.      Whether the consequences of these injuries are likely to continue and for how long.

While you may not award damages based upon speculation, the law requires only that the evidence provide a reasonable basis for assessing the damages but does not require a mathematical certainty.

INSTRUCTION NO. 29-C

PRESUMED NON-ECONOMIC DAMAGES

The law presumes that certain false statements are always defamatory and will cause at least some damage to the plaintiff. These include words that charge criminal conduct or sexual misconduct. It has already been determined that Ms. Hutchings's statements accusing Ms. Shanley of rape, child sexual abuse, human trafficking, and adultery fall within this category. Therefore, you may presume that Ms. Shanley has been damaged by these statements, and is entitled to at least nominal damages. "Nominal damages" means an insignificant amount, such as one dollar.

<u>INSTRUCTION NO. 30</u>

PUNITIVE DAMAGES

Punitive damages are intended to punish a wrongdoer for extraordinary misconduct and to discourage others from similar conduct. They are not intended to compensate a plaintiff for her loss.

Punitive damages may only be awarded if Ms. Shanley has proved by clear and convincing evidence that Ms. Hutchings's conduct:

1. was willful and malicious; or

2. was intentionally fraudulent; or

3. manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, including Ms. Shanley.

"Knowing and reckless indifference" means that (a) Ms. Hutchings knew that such conduct would, in a high degree of probability, result in substantial harm to another; and (b) the conduct must be highly unreasonable conduct, or an extreme departure from ordinary care, in a situation where a high degree of danger or harm would be apparent to a reasonable person.

Punitive damages are not awarded for mere inadvertence, mistakes, errors of judgment and the like, which constitute ordinary negligence.

<u>INSTRUCTION NO. 31</u>

ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

You may consider the arguments of the lawyers to assist you in deciding the amounts of damages, but their arguments are not evidence.

## POSTARGUMENT INSTRUCTIONS

### INSTRUCTION NO. 32

JURY DELIBERATIONS

You have now heard the plaintiff's closing argument. In a few minutes, you will be escorted to the jury room. Each of you will be permitted to take your copy of these instructions with you. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will preside over your deliberations and will be your spokesperson here in the courtroom.

I suggest that you should then review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law as stated in the instructions.

You will also be given the verdict form to take with you to the jury room. When you have reached unanimous agreement as to your verdict, you will have the foreperson fill it in, date and sign the form, and then return your verdict to the courtroom.

Your deliberations will be confidential. You will not be required to explain your verdict to anyone.

INSTRUCTION NO. 33

ATTITUDE OF JURORS

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and the juror may hesitate to recede from an announced position if shown that it is wrong.

<u>INSTRUCTION NO. 34</u>

UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself—but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own view, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case, without speculation or assumption.

INSTRUCTION NO. 35

DO NOT SPECULATE OR RESORT TO CHANCE

The law forbids you to decide any issue in this case by resorting to chance. When you deliberate, do not flip a coin, speculate, or choose one juror's opinions at random. You must evaluate the evidence and come to a decision that is supported by the evidence.

<u>INSTRUCTION NO. 36</u>

COMMUNICATING WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with me, or any other member of the court's staff, by any means other than a signed writing; and I, and other members of the court's staff, will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that the officer, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

Bear in mind also that you are not to reveal to any person—not even to me—how the jury stands numerically or otherwise until you have reached a unanimous verdict.

<u>INSTRUCTION NO. 37</u>

SCHEDULE FOR DELIBERATIONS

During your deliberations, you are able as a group to set your own schedule for deliberations. You may deliberate as late as you wish or recess at an appropriate time set by yourselves. You may set your own schedule for lunch and dinner breaks.

If your deliberations will go beyond today, please inform me by a note when you recess for the evening and indicate at what time you intend to reconvene.

## POST-VERDICT INSTRUCTION

Your duty as jurors is complete and you are discharged from service. Thank you very much for your service. Your attention, timeliness, and dedication are appreciated by all the parties, attorneys, court staff, and public. You are now relieved of the instructions I have given you not to talk or read or research about the case. You may do so if you choose.

You must leave your notes and copies of the jury instructions in the jury room to be destroyed.

You may be contacted by parties to the case, their attorneys, or the media. You are under no obligation to speak to any of them. The court does not provide your contact information, but we will accept mail directed to you and forward it from the jury office.

Consider carefully your obligation to and the feelings of your fellow jurors before speaking with anyone about your service here. Because of the special relationship of jurors to each other, I strongly recommend you never disclose the vote, discussions, or inclinations of a fellow juror. You may of course discuss your own feelings or reactions to evidence presented or your reaction to jury service.

I have instructed you to make your decision only on the basis of the evidence presented in court and to ignore outside information or influence. So, as long as you kept your oath to consider only the evidence in this case, there is no reason to speak with anyone about your service here as a juror.

Again, thank you very much for your service.